UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO F. H.,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | Case No.  1:26-cv-04752-JLT-FJS (HC)<br><br>(A-Number: 221-468-464)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br>(ECF No. 6)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO OPPOSE MOTION TO DISMISS<br>(ECF No. 12)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

Petitioner Orlando F. H. ("Petitioner") is a federal immigration detainee proceeding *pro se* and seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 24, 2026, Petitioner filed a motion to appoint counsel. (ECF No. 6.) On July 7, 2026, the court deferred ruling on the motion to appoint counsel until further proceedings in the case and set a briefing schedule. (ECF No. 7.)

Respondent filed a motion to dismiss the petition on July 20, 2026. (ECF No. 8.) Petitioner's opposition or statement of non-opposition to the motion to dismiss were due on or before August 4, 2026. (*See id.* at 3.)

Currently before the court is Petitioner's request for an extension of time to respond to the motion to dismiss, filed August 6, 2026. (ECF No. 12.) Petitioner states that because he is detained and does not have an attorney, he cannot prepare a response to the motion to dismiss before the deadline. Petitioner requests that the court rule on his request for appointment of counsel before deciding the motion to dismiss, because the motion to dismiss is in English and Petitioner does not speak English. (*Id.*)

Respondent has not had the opportunity to file a response to Petitioner's motion for extension of time, but the court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In his motion to appoint counsel, Petitioner states that appointment of counsel is necessary to protect his interests because mental health impacts him and his family. (ECF No. 6.) Petitioner alleges that he is the head of his household and his family depends on him financially. He also suffers from a sleep disorder. (*Id.*) The motion does not include any allegations regarding Petitioner's English language abilities or provide any other reasons why counsel should be appointed.

There currently exists no absolute right to appointment of counsel in habeas proceedings. *See, e.g.*, *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). But the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Upon review of the petition and the motions filed in this action, the court finds that Petitioner appears to have a sufficient grasp of the English language and the claims and the legal issues involved to articulate his claims adequately without the assistance of counsel. Hence, the court does not find that the interests of justice require the appointment of counsel at the present time.

Accordingly, Petitioner's request that the court resolve his motion to appoint counsel before deciding the motion to dismiss is granted. To allow Petitioner time to receive the court's order and prepare any response to the motion to dismiss, the court further finds good cause to grant Petitioner's request for extension of time.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to appoint counsel, (ECF No. 6), is DENIED, without prejudice;

2. Petitioner's motion for extension of time to oppose Respondent's motion to dismiss, (ECF No. 12), is GRANTED;

3. Within fourteen (14) days from the date of service of this order, Petitioner SHALL FILE an opposition or statement of non-opposition to Respondent's motion to dismiss;

4. Any reply to an opposition to the motion to dismiss SHALL be filed within seven (7) days after the opposition is filed in CM/ECF; and

5. The motion to dismiss will be deemed submitted when the time to reply has expired.

IT IS SO ORDERED.

Dated:  **August 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3